UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK EUGENE,**<br><br>  Plaintiff,<br><br>  v.<br><br>**NATIONSTAR MORTGAGE, LLC,** *et al.*,<br><br>  Defendants. | Case No. 1:23-cv-03755 (TNM) |

## MEMORANDUM OPINION

Plaintiff Mark Eugene, proceeding *pro se*, filed this quiet title action against a mortgage company, an Iowa county sheriff, and others. Compl. at 1, ECF No. 1. Eugene's Complaint borders on incomprehensible. But so far as the Court can surmise, Eugene objects to the foreclosure sale of his residence in Mount Vernon, Iowa. *Id*. at 3–4. On its initial review of Eugene's Complaint, the Court doubted that it had subject matter jurisdiction or personal jurisdiction over any of the Defendants, or whether venue in this district was proper. So the Court ordered Eugene to show cause why it should not dismiss his Complaint sua sponte. Order to Show Cause (Order) at 3, ECF No. 4. Eugene responded to the Court's Order. Response to Order to Show Cause (Response), ECF No. 6. But this response fails to assure the Court of its jurisdiction. So the Court will dismiss the case.

### I.

Federal courts are courts of limited jurisdiction. They must "assess their own jurisdiction over any controversy they hear, even when the parties have not asserted any jurisdictional question." *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106 (D.D.C. 2014).

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Such dismissal may occur "sua sponte prior to service on the defendants when it is evident that the court lacks subject matter jurisdiction." *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (cleaned up).

The Court must construe a *pro se* complaint liberally, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even *pro se* litigants must meet the minimum pleading standards required by the Federal Rules and the Constitution. *See Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018). That includes rules for alleging subject matter jurisdiction. *See Odutola v. Floyd*, No. 1:21-CV-3212-RCL, 2022 WL 4447295, at *2 (D.D.C. Sept. 23, 2022).

## II.

Eugene's Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Civil Cover Sheet, ECF No 1-1. As the Court explained in its Order, to plead diversity jurisdiction, Eugene must identify where individual Defendants are domiciled, *Core VCT PLC v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014), and where corporate Defendants have their principal place of business and are incorporated, *Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 221 (D.D.C. 2010). Though Eugene's Complaint does not plead Defendants' citizenship for purposes of diversity jurisdiction, it does contain scattered jurisdictional facts. The Complaint lists a Dallas, Texas, address for Defendant Nationstar Mortgage and its agent, Christopher Marshall. Compl. at 6. And it lists a Cedar Rapids, Iowa, address for Defendant Northwoods Holdings, LLC, and its agent, Christopher Dolan. *Id*. No address is listed for Defendant Brian Gardner, the Linn County, Iowa, Sheriff. Eugene himself claims to be "living upon the soil of

Iowa." *Id*. at 2; *see also* Ex. B at 4, ECF No. 1-2 (describing Mount Vernon residence as Plaintiff's "domicil" [sic]).

For diversity jurisdiction to exist, Eugene must not share state citizenship with any Defendant. *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). Based on the Complaint, Eugene is a citizen of Iowa. It also appears that Defendants Dolan is a citizen of Iowa. And with no facts to the contrary, the Court presumes that Sheriff Gardner is also a citizen of Iowa. Since Eugene appears to share state citizenship with at least two Defendants, he has not alleged complete diversity.

As the party seeking the exercise of diversity jurisdiction, Eugene "bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983); Fed. R. Civ. P. 8(a)(1) (Complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"). Despite the Court's explicit instruction for Eugene to plead the citizenship of all Defendants, he has not done so. In his Response to the Court's Order, Eugene pleads no other facts on Defendants' citizenship. And though Eugene now claims to be "currently living peacefully in Missouri" and not Iowa, Response at 2, this does not change the Court's jurisdictional analysis, since Eugene must show complete diversity at the time he filed his Complaint. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1179 n.28 (D.C. Cir. 1984). The Court therefore lacks diversity jurisdiction under 28 U.S.C. § 1332.

Eugene does not expressly assert federal question jurisdiction. *See* Civil Cover Sheet. But the Court lacks federal question jurisdiction all the same. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To determine the presence or absence of federal question

jurisdiction, courts apply the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). That rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Eugene's sole claim appears to be a state action to quiet title. Compl. at 2. For a federal court to exercise federal question jurisdiction over state quiet title action, the action must raise "disputed and substantial" federal issues. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (finding federal question jurisdiction over state quiet title action claiming IRS's seizure notice failed to meet federal law); *Hopkins v. Walker*, 244 U.S. 486, 489–90 (1917) (finding federal question jurisdiction in state quiet title action that turned on interpretation of federal mining statute). Eugene's Complaint does not raise any disputed or substantial federal issues. The only hint of a federal jurisdictional hook is Eugene's claim that Defendants lack authority to foreclose "private land held under a valid federal Land Patent, unless they have superior title." Compl. at 4. But the Complaint does not plead that the validity of the federal land patent is disputed, and even if it were, that such dispute would implicate the "construction and effect" of federal law in a "real and substantial" manner. *Grable*, 545 U.S. at 316. This simply is not one of "the rare state quiet title action[s] that involves contested issues of federal law." *Id*. at 319.

The Complaint also makes passing reference to various constitutional provisions and suggests that Defendants have violated federal criminal statutes. Compl. at 3 (citing 18 U.S.C. §§ 1346 and 1951(b)(2); *id*. at 5 (alleging that Defendants have violated federal law by engaging in "Insurrection," "Rebellion," "Treason," among other crimes). It is unclear from the Complaint whether Eugene is pleading a cause of action under any of these federal provisions. Nor does Eugene's Response to the Court's Order provide any further explanation of any federal

4

constitutional or statutory claims.  *See* Response at 1.  Though Eugene references the "Fourth, Fifth, Seventh, Ninth and Tenth Amendments," he cannot use these talismanic incantations of constitutional rights to plead his way into federal court.  *See Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69, 72–73 (D.D.C. 2011) (finding plaintiff's "references to the Fourth Amendment" did not establish federal question jurisdiction).  Since Eugene does not "assert a constitutional claim or seek any relief based on the Constitution," the Court lacks jurisdiction under 28 U.S.C. § 1331.  *Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192, 196 (D.D.C. 2015).

### III.

For these reasons, Plaintiff's Complaint is dismissed without prejudice.  A separate order will issue.

Dated: February 20, 2024                                    TREVOR N. McFADDEN, U.S.D.J.